UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAYES AL-MOHAMAD,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF WASHINGTON STATE PATROL,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cv-05011-RJB<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL IN TITLE VII ACTION WITHOUT PREJUDICE |

　　This matter comes before the Court on Plaintiff Mayes Al-Mohamad's Application for Court-Appointed Counsel in Title VII Action (Dkt. 2).  The Court has reviewed Plaintiff's motion, complaint, and the remaining file.

　　On January 10, 2022, Plaintiff filed a complaint *pro se* against her former employer the Washington State Patrol that raises numerous causes of action, including a claim of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1).  In the pending motion, she requests that the Court appoint counsel to represent her in that claim.

**Standard on Application for Appointment of Counsel**: Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant…." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981). Further, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Further, under 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent any person unable to afford counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**Decision**: Plaintiff's motion for appointment of counsel should be denied without prejudice because she does not include financial records. Without financial records, the Court cannot assess whether she would be able to afford counsel.

Therefore, Plaintiff's Application for Court-Appointed Counsel in Title VII Action (Dkt. 2) **IS DENIED, without prejudice**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of January, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL IN TITLE VII ACTION WITHOUT PREJUDICE - 2